# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 12-CR-50-LRR |
| vs. | **ORDER** |
| LASHAUN MAURICE PERRY, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matter before the court is the government's "Motion for Determination of Admissibility Pursuant to Fed. R. Evid. 104(a)" ("Motion") (docket no. 20).

## II. PROCEDURAL HISTORY

On June 20, 2012, a grand jury returned a one-count Indictment (docket no. 2) against Defendant Lashaun Maurice Perry. The Indictment charges Defendant with knowingly possessing a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year. Such offense is a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On August 13, 2012, the government filed the Motion. On August 17, 2012, Defendant filed a Resistance (docket no. 25). The matter is fully submitted and ready for decision.

## III. ANALYSIS

In the Motion, the government contends that the court should exclude evidence that Defendant sought and obtained a firearms permit. While the government suggests that such evidence may tend to prove Defendant knowingly possessed the firearm, the government argues that "the probative value of that evidence would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and would mislead

the jury." Brief in Support of Motion (docket no. 20-1) at 3 (citing Fed. R. Evid. 403). The government also contends that the court should exclude evidence that Defendant subjectively believed he could legally possess a firearm. The government argues that such evidence is irrelevant under Federal Rule of Evidence 402 because it is not necessary for the government to prove that Defendant knew his actions were unlawful.

In the Resistance, Defendant argues that evidence that he acquired a firearms permit and that he subjectively believed he could lawfully possess a firearm is admissible in light of his proposed entrapment-by-estoppel defense.

Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also United States v. Mora*, 81 F.3d 781, 783 (8th Cir. 1996) ("Relevance of evidence 'is established by any showing, however slight, that [the evidence] makes it more or less likely that the defendant committed the crime in question.'" (alteration in original) (quoting *United States v. Casares-Cardenas*, 14 F.3d 1283, 1287 (8th Cir. 1994))). Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In light of the court's August 20, 2012 Order (docket no. 29), which denied Defendant's request for a jury instruction on entrapment by estoppel because there is insufficient evidence to support such a defense, the court finds that the government's Motion should be granted. First, for the reasons set forth by the government in the Brief in Support of the Motion, the court finds that evidence that Defendant subjectively believed he could lawfully possess a firearm is irrelevant and, thus, inadmissible under Rule 402.

2

*See United States v. Lomax*, 87 F.3d 959, 962 (8th Cir. 1996) ("[T]he 'knowingly' element of section 922(g) applies only to the defendant's underlying conduct, not to his knowledge of the illegality of his actions."); *see also United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999) (rejecting the defendant's argument that the district court "erred in not instructing the jury that a defendant must know his status as a convicted felon to violate § 922(g)(1)"). Second, the court agrees with the government that the probative value of evidence that Defendant applied for and obtained a firearms permit is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. *See* Fed. R. Evid. 403.

### IV. CONCLUSION

For the foregoing reasons, the government's Motion for Determination of Admissibility Pursuant to Fed. R. Evid. 104(a) (docket no. 20) is **GRANTED**. The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order. If during the presentation of evidence a party believes that a prohibited subject has become relevant, the party may request an opportunity to argue relevance outside the presence of the jury.

**IT IS SO ORDERED**.

**DATED** this 22nd day of August, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA